UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL WARDLE,<br>Plaintiff,<br>v.<br>NICK KENDRICK, et al.,<br>Defendants. | No. 2:25-cv-03523-DAD-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") which includes a statement of income, assets, and expenses and avers an inability to pay the cost of this proceeding. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint. Alternatively, Plaintiff may elect to proceed on the one claim which the Court finds cognizable.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. <u>The Complaint</u>

Plaintiff's complaint is 13 pages long with approximately 185 pages of attachments. ECF No. 1. Plaintiff brings the action under 42 U.S.C. § 1983. The complaint names five individual defendants and the City of Nevada City. Plaintiff alleges that on January 11, 2024, he was pulled over for an alleged obstructed license plate at 10:47 a.m. by Defendant Officer Kendrick ("Kendrick"). ECF No. 1 at 2. Plaintiff alleges the license plate was not obstructed. *Id.* Plaintiff complains that Kendrick asked him for identification and "documentation associated with commercial driving." *Id*. at 3. Plaintiff claims he was improperly directed to sign the citation, and then not provided a copy of it. *Id.* at 3-4. After this incident, Plaintiff prepared and mailed to Defendants notices of "Pending Lawsuit-Opportunity to Cure, Demand for Discovery-Conditional Acceptance-Demand for Proof of Claim" ("Notices"). *Id.* at 4. Plaintiff alleges that Defendants failed to respond or act on these Notices. *Id*. at 5.

Count I alleges violation of the Fourth Amendment against Defendants Kendrick and Mason. *Id*. at 7-8. Count II alleges a violation of Due Process against all five individual Defendants: Officer Kendrick, Lieutenant Mason, Court Clerk Waheed, Prosecutor Columbel, and Judge Bjerkhoel. *Id*. at 9-10. Count III alleges that Defendants Kendrick and Mason interfered with his right to travel. *Id*. at 10. Count IV asserts a *Monell* claim against the City of Nevada City ("Nevada City").

Plaintiff's requests damages of at least $100,000, which Plaintiff states includes his "legal labor" at $400 per hour.[1] *Id*. at 13. Plaintiff additionally seeks punitive damages.

---

[1] The general rule is that pro se litigants cannot recover attorney fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (finding the federal circuit courts have unanimously and correctly held that

C. Analysis

Plaintiff's complaint concerns a traffic stop and citation issued by Officer Kendrick, and Plaintiff's subsequent written complaints in the form of pre-suit Notices. Plaintiff's claims against the other individual Defendants appear to be based on allegations that they did not respond to the Notices. Plaintiff fails to state a claim against the other individual Defendants.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). A plaintiff alleging a claim under § 1983 must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). A plaintiff may not refer to defendants collectively, but must explain how specific defendants, acting under color of state law, violated his Constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

In Count I, Plaintiff asserts a Fourth Amendment claim against Defendants Kendrick and Mason. As to Kendrick, Plaintiff alleges that he stopped his vehicle without reasonable suspicion or probable cause and that the stop was allegedly for an obstructed license plate, but it was not obstructed. Plaintiff also alleges Kendrick unnecessarily prolonged the stop. As to Defendant Kendrick, the Court finds that for screening purposes only, Plaintiff states a claim in Count I. As to Defendant Mason, Plaintiff alleges in conclusory fashion that Mason "failed to intervene, investigate, or correct" Kendrick's conduct. It does not appear from the factual allegations that Mason was present when the stop occurred. Rather, it appears that Plaintiff wrote to Mason as a supervisor, and Plaintiff's only factual allegation against Mason is that he did not respond to Plaintiff's pre-suit Notices. This does not state a § 1983 claim against Mason for a violation of either the Fourth or Fourteenth Amendment.

---

non-attorney pro se litigants cannot recover attorney's fees).

In Count II, Plaintiff alleges Due Process violations against all individual Defendants. The Court finds Count II fails to state a claim. Plaintiff does not state a due process claim against Kendrick for asking him to sign the citation, or against Mason. Plaintiff alleges Court Clerk Waheed "refused to docket filings" but there is no description of what Plaintiff attempted to file or in what action. ECF No. 1 at 5. Waheed may also have immunity from Plaintiff's claims. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) (citation omitted).

Plaintiff alleges that Prosecutor Columbel proceeded without providing discovery or substantiating the validity of the citation. This allegation is vague and conclusory. Additionally, a prosecutor is entitled to prosecutorial immunity when performing the traditional functions of an advocate. *See Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) ("It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff complains of Columbel's conduct of discovery and presentation of evidence. These are advocacy functions associated with the judicial process and Columbel is likely entitled to prosecutorial immunity.

Plaintiff alleges Judge Bjerkhoel failed to provide "constitutionally required procedural protections." This is again a vague allegation, and it is unclear what case or proceeding Plaintiff is referring to, or in what manner his procedural protections were allegedly violated. Judge Bjerkhoel would also be entitled to judicial immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

Count III asserts a claim against Kendrick and Mason for violation of his constitutional right to travel. The Supreme Court has recognized a fundamental right to travel. *Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999). However, burdens placed on travel such as gasoline taxes, or toll roads, do not violate that right. *Id*. A party also does not have a fundamental right to a certain mode of travel. *Id*. In *Miller* the Ninth Circuit concluded: "Miller does not have a

fundamental right to drive a motor vehicle, and the DMV did not unconstitutionally impede his right to interstate travel by denying him a driver's license." *Id*. at 1206. Plaintiff alleges only that he was stopped for the duration of a traffic stop and that Kendrick offered as reasons for the stop an obstructed license plate and that Plaintiff was driving with a suspended license. This fails to state a claim for violation of Plaintiff's constitutional right to travel. *See Farson v. City of Lake Stevens*, No. 2:22-cv-00405-LK, 2023 WL 1766374 at * 12 (W.D. Wash. Feb. 3, 2023) ("The constitutional right to travel is not a right to travel in any manner, without regulation, and does not provide travelers a right to ignore state traffic laws.") (citation omitted).

Plaintiff's *Monell* claim in Count IV, alleges a custom or policy only in a conclusory manner. Plaintiff asserts in conclusory manner that Nevada City, *inter alia*, has a policy of stopping drivers without probable cause, of failing to train and supervise, and allowing court clerks to reject filings. Plaintiff alleges no facts supporting these assertions. No facts are alleged as to anything other than Plaintiff's one traffic stop and personal experience with the judicial system. *See Hall v. City of Portland*, No. 22-35705, 2023 WL 5527854 (9th Cir. Aug. 28, 2023) (list of "vague, conclusory statements regarding the alleged policies and actions of City" failed to state a *Monell* claim).

In addition to the deficiencies outlined above, Plaintiff's complaints about a Defendant not responding to a pre-suit notice, or the conduct of discovery, as pleaded, fail to state a claim. A plaintiff cannot generally maintain a lawsuit based on how a party conducted discovery in another lawsuit. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) ("Conduct incidental to a lawsuit, including a pre-suit demand letter, falls within the protection of the *Noerr-Pennington* doctrine."); *see also Rubin v. Green*, 4 Cal.4th 1187, 1193 (1993) ("For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)."[2]). Moreover, Plaintiff has not shown the existence of a protected liberty or property interest in response to his Notices. Absent such an interest, the U.S. Constitution did not require Defendants to take action.

---

[2] This is a reference to California Civil Code section 47.

*See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767-68 (2005). Plaintiff fails to state a claim based on the manner in which Defendants did, or did not, respond to his Notices.

The Court finds that other than his claim in Count I against Officer Kendrick, the complaint fails to state a claim. Plaintiff will be given a choice whether to proceed on this one sole claim against Officer Kendrick, and voluntarily dismiss his remaining claims, or to file a first amended complaint in order to allege additional facts and respond to the deficiencies outlined in this order. Within 30 days, Plaintiff shall file either (1) a notice indicating that he wishes to proceed on the Fourth Amendment claim in Count I against Officer Kendrick and voluntarily dismiss his remaining claims in Counts II, III, and IV as to all Defendants, or (2) a First Amended Complaint, in accordance with the instructions below. If Plaintiff indicates that he wishes to proceed on the Count I claim against Kendrick and voluntarily dismiss his other claims, the Court will then order the complaint served on Kendrick. If Plaintiff files a First Amended Complaint, the Court will screen it in due course.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint shall be clearly labeled as the First Amended Complaint. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant rather

than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein, and in particular the conclusory nature of the alleged Due Process violations and *Monell* claim. Plaintiff should also consider the immunity doctrines set forth above and plead sufficient facts demonstrating why those Defendants would not be entitled to immunity.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file either:

   a) an amended complaint that addresses the defects set forth above; or

   b) a notice indicating that he wishes to proceed on the claim in Count I against Officer Kendrick and voluntarily dismiss all his claims in Counts II, III, and IV as to all Defendants.

SO ORDERED.

DATED: August 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE