UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL WARDLE.<br>Plaintiff,<br>v.<br>NICK KENDRICK, et al.,<br>Defendants. | No. 2:25-cv-03523-DAD-SCR<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court now recommends that the action be dismissed for failure to prosecute and failure to comply with orders of the Court.

**I. Background and Procedural History**

On December 5, 2025, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. On August 10, 2026, this Court granted the motion to proceed IFP and screened the complaint per the screening process required by 28 U.S.C. § 1915(e)(2) and found the complaint was deficient in many respects, but that Plaintiff did state a claim as to one Defendant in Count I. ECF No. 4.

The Court directed Plaintiff to, within 30 days, file either: (1) a notice indicating that he wishes to proceed on the Fourth Amendment claim in Count I against Officer Kendrick and voluntarily dismiss his remaining claims in Counts II, III, and IV as to all other Defendants, or (2)

a First Amended Complaint addressing the deficiencies set forth in the screening order. ECF No. 4 at 7-8. Plaintiff's response was due September 9, 2026, and no response was filed.

On September 28, 2026, the Court issued an Order to Show Cause ("OSC") which directed Plaintiff to respond within 14 days. ECF No. 5. Plaintiff was cautioned that failure to respond would result in a recommendation that the action be dismissed. *Id.* at 2. Plaintiff's response was due October 12, 2026, and no response was filed.

**II. Analysis**

Plaintiff has failed to comply with the orders of the Court and has taken no action in this matter since the filing of the complaint. The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

**1. Public's interest in expeditious resolution of the litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed eleven months ago and concerns an event that allegedly occurred nearly three years ago. Plaintiff has taken no action in the case since the filing of the complaint in December 2025. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

**2. Court's need to manage its docket**

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for nearly a year. The Court has expended resources issuing orders, and Plaintiff has not responded. This factor weighs in favor of dismissal, particularly given the heavy caseload in this District.

**3. Risk of prejudice to defendants**

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. It has now been nearly three years since the date of the alleged incident in January 2024. This matter cannot proceed to trial without Plaintiff's participation and Plaintiff has not participated since filing the complaint. The Court finds this factor weighs in favor of dismissal.

**4. Availability of less drastic alternatives**

The Court has considered the availability of less drastic alternatives. Plaintiff has not responded to prior orders of the Court, and has missed deadlines despite being cautioned that failure to comply with the OSC would result in a recommendation the action be dismissed. The Court finds less drastic alternatives are not available. The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

**5. Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

**III. Conclusion**

The Court finds upon consideration of the *Ferdik* factors that dismissal of Plaintiff's claims without prejudice is appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's claims be dismissed without prejudice for failure to prosecute; and
2. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE